# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

JUAN CARLOS GARCIA,            )
                               )   Case No. 2:09-cv-00080-RCJ-GWF
               Plaintiff,      )
                               )   **FINDINGS AND**
vs.                            )   **RECOMMENDATIONS**
                               )
GEORGE ASSAD,                  )   **Motion for Evidentiary Hearing - #4**
                               )   **Letter to the Court - #5**
               Defendant.      )
_____)

This matter is before the Court on Plaintiff's Motion for an Evidentiary Hearing (Dkt. #4), filed on March 4, 2009, and Plaintiff's Letter to the Court (Dkt. #5), filed on March 30, 2009.

Plaintiff has twice filed motions with this Court (*See* Dkt. #s 1, 4), but he has yet to file a Complaint or an Application to Proceed *In Forma Pauperis*. To the extent that Plaintiff's Motion for an Evidentiary Hearing should be treated as a motion, it will be denied. Without a filed Complaint, there is no matter pending with the Court and therefore the Court has no jurisdiction to hear Plaintiff's motion.

The Court is also aware that pro se pleadings should be construed liberally so that a pro se plaintiff's attempt to raise legitimate claims does not fall by the wayside. *Balistreri v. Pacifica Police Dep't,* 901 F.2d 696, 699 (9th Cir. 1988). Therefore, to the extent that Plaintiff's Motion for an Evidentiary Hearing (Dkt. #4) and Letter to the Court (Dkt. #5) were intended to serve as a Complaint, the Court will screen the pleadings to identify any cognizable claims and dismiss any claims that are frivolous, malicious, fail to state a claim upon which relief may be granted or seek monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. § 1915A(b)(1)-(2).

. . .

**DISCUSSION**

**I.     Background**

In his Motion for an Evidentiary Hearing (Dkt. #4) and Letter to the Court (Dkt. #5), Plaintiff alleges that his civil rights were violated by Judge George Assad, the Immigration Department ("ICE") and  North Las Vegas Detention Center ("NLVDC").  Plaintiff does not specify which federal rights he alleges were violated and instead offers vague allusions to claims of libel, court misconduct and general liability for Plaintiff's suicide attempts.

Plaintiff states that Judge Assad violated his civil rights because the judge mistakenly found Plaintiff guilty of domestic violence when Plaintiff claims he is, in fact, innocent.  (Dkt. #4 at 1, Dkt. #5 at 1).  The pleadings allege that all defendants are liable for the state law claim of libel resulting from the defendants labeling Plaintiff a "drug addict," "mentally ill" and allegedly falsely stating that Plaintiff issued "threats to the mother of [his] children" in official documents.  (Dkt. #5 at 1-2).  In addition, Plaintiff alleges that ICE and NLVDC are liable for his suicide attempt while incarcerated and liable for any future attempts to commit suicide he might undertake.  (*Id.* at 2).  Finally, Plaintiff details how he attempted to explain to Judge Assad about drug trafficking that occurred in the Arizona Detention Center.  He claims that his family in Mexico faces potential kidnaping and threats as a result of Plaintiff's testimony before Judge Assad and the Judge's refusal to order Plaintiff's family into protective custody.  Plaintiff claims that Judge Assad, ICE and NLVDC would be liable for any future harm that might befall his family.

**II.    Screening the Complaint**

Federal courts must conduct a preliminary screening in any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.  See 28 U.S.C. § 1915A(a).  In its review, the court must identify any cognizable claims and dismiss any claims that are frivolous, malicious, fail to state a claim upon which relief may be granted or seek monetary relief from a defendant who is immune from such relief.  *See* 28 U.S.C. § 1915A(b)(1)-(2).  Pro se pleadings, however, must be liberally construed.  *Balistreri v. Pacifica Police Dep't,* 901 F.2d 696, 699 (9th Cir. 1988).  To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated and (2) that the alleged

violation was committed by a person acting under the color of state law. *See West v. Atkins,* 487 U.S. 42, 48 (1988).

Dismissal of a complaint for failure to state a claim upon which relief may be granted is provided for in Federal Rule of Civil Procedure 12(b)(6), and the Court applies the same standard under Section 1915(e)(2) when reviewing the adequacy of a complaint or amended complaint. Review under Rule 12(b)(6) is essentially a ruling on a question of law. *See Chappel v. Laboratory Corp. of America*, 232 F.3d 719, 723 (9th Cir. 2000). Dismissal for failure to state a claim is proper only if it is clear that the plaintiff cannot prove any set of facts in support of the claim that would entitle him or her to relief. *See Morley v. Walker*, 175 F.3d 756, 759 (9th Cir. 1999). In making this determination, the Court takes as true all allegations of material fact stated in the complaint, and the Court construes them in the light most favorable to the plaintiff. *See Warshaw v. Xoma Corp.*, 74 F.3d 955, 957 (9th Cir. 1996). Allegations in a *pro se* complaint are held to less stringent standards than formal pleadings drafted by lawyers. *See Hughes v. Rowe*, 449 U.S. 5, 9 (1980); *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972) (*per curiam*). While the standard under Rule 12(b)(6) does not require detailed factual allegations, a plaintiff must provide more than mere labels and conclusions. *Bell Atlantic Corp. v. Twombly,* 127 S.Ct. 1955, 1964-1965 (2007). A formulaic recitation of the elements of a cause of action is insufficient. *Id.*, *see also Papasan v. Allain,* 478 U.S. 265, 286 (1986).

All or part of a complaint filed by a prisoner may therefore be dismissed *sua sponte* if the prisoner's claims lack an arguable basis either in law or in fact. This includes claims based on legal conclusions that are untenable (*e.g.* claims against defendants who are immune from suit or claims of infringement of a legal interest which clearly does not exist), as well as claims based on fanciful factual allegations (*e.g.* fantastic or delusional scenarios). *See Neitzke v. Williams*, 490 U.S. 319, 327-28 (1989); *McKeever v. Block*, 932 F.2d 795, 798 (9th Cir. 1991).

In his Motion for an Evidentiary Hearing (Dkt. #4) and Letter to the Court (Dkt. #5), Plaintiff appears to raise four (4) claims: 1) that Defendant Assad violated unidentified civil rights because the judge mistakenly found Plaintiff guilty of domestic violence, 2) Defendants ICE and NLVDC are liable for Plaintiff's suicide attempt while incarcerated and any future attempts to commit suicide he might undertake, 3) Defendants are liable for any future harm that might befall his family as a result of

Plaintiff testifying in open court and 4) all Defendants are liable under the state law tort of libel for the publishing of statements labeling Plaintiff a "drug addict," "mentally ill" and that Plaintiff issued "threats to the mother of [his] children".

### A.   Claims against Judge Assad

Plaintiff raises several claims related to his conviction before Judge Assad on domestic violence charges. In doing so, it appears that Plaintiff is seeking federal relief to address his dissatisfaction with the manner in which the state court case was handled by Judge Assad.

Plaintiff's allegations against Judge Assad fail to state a claim upon which relief can be granted. His claim involves actions taken by Judge Assad in his judicial capacity. The United States Supreme Court has repeatedly held that judges and those performing quasi-judicial functions are absolutely immune from damages for acts performed within their judicial capacities. *Nixon v. Fitzgerald*, 457 U.S. 731, 766 (1982); *Stump v. Sparkman*, 435 U.S. 349, 360 (1978). Plaintiff's Complaint, therefore, fails to state a claim against Judge Assad upon which relief can be granted.

### B.   Claims of liability due to Plaintiff's suicide attempts and potential harm to Plaintiff's family

To have a claim under § 1983, a plaintiff must plead that the named defendant (1) acted "under color of state law" and (2) "deprived the plaintiff of rights secured by the Constitution or federal statutes." *Gibson v. U.S.*, 781 F.2d 1334, 1338 (9th Cir. 1986); *see also West v. Atkins*, 487 U.S. 42, 48 (1988); *Long v. County of Los Angeles*, 442 F.3d 1178, 1185 (9th Cir. 2006). This means that Plaintiff must name a person as a defendant in his complaint and that person must have acted under what is called "color of state law." Persons acting under color of state law typically include officials who in some capacity represent either the state, city, or county government. *See Monroe v. Pape*, 365 U.S. 167, 81 S.Ct. 473 (1961), *partially overruled on other grounds by Monell v. Department of Social Services of City of New York*, 436 U.S. 658, 663, 98 S.Ct. 2018, 2021 (1978). Private persons who are not government officials may also be sued, but they and their actions must be very closely tied to the government in order to be considered "acting under color of state law." *Blum v. Yaretsky*, 457 U.S. 991, 102 S.Ct. 2777, 73 L.Ed.2d 534 (1982). Under the doctrine of sovereign immunity, a state, which includes state agencies, cannot be sued for money damages under section 1983 and may be sued only

for prospective relief such as an injunction. *Will v. Michigan Dept. State Police*, 491 U.S. 58, 70-71 n.10, 109 S.Ct. 2304, 2312, 108 L.Ed.2d 45 (1989).

Plaintiff does not allege that a federal constitutional right was violated when Plaintiff attempted to commit suicide. In addition, Plaintiff has alleged no facts suggesting that Plaintiff's suicide attempt was anything other than a private action undertaken by Plaintiff as a non-state actor. As a result, Plaintiff's civil rights claims related to his attempted and potential future suicide attempts fail to state a claim upon which relief may be granted.

Similarly, Plaintiff has failed to allege any facts suggesting that any threats or harm directed to Plaintiff's family would come from a state actor. Instead, Plaintiff identifies that the potential threats and harm would come from drug traffickers, who would be private, non-state actors. Because Plaintiff has not alleged that his rights were violated by a government official or other person acting under color of state law, he has failed to state a claim upon which relief may be granted under section 1983.

### C.    Libel claims against ICE and NLVDC

Finally, Plaintiff alleges that Defendants are liable for the state law tort claim of libel due to their publication of allegedly false statements about his mental health and conviction on domestic violence charges. Libel is a state law claim, rather than a claim under federal law. The Court may exercise supplemental jurisdiction over a state tort claim when the Court has original jurisdiction. *See* 28 U.S.C. § 1367. However, when the District Court has dismissed all claims over which it has original jurisdiction, the District Courts "may decline to exercise supplemental jurisdiction over a [state law] claim". 28 U.S.C. § 1367(c)(3). In the present matter, the Court has dismissed all of Plaintiff's civil rights claims and therefore no claims remain over which the Court has original jurisdiction. As a result, it is recommended that the Court decline to exercise supplemental jurisdiction over Plaintiff's state law claim of libel.

Therefore, because Plaintiff has failed to state a claim upon which relief may be granted under section 1983, the Court recommends that his complaint should be dismissed with leave to amend pursuant to 28 U.S.C. 1915(e)(2); *Franklin v. Murphy*, 745 F.2d 1226-1228 (9th Cir. 1984). Accordingly,

. . .

**IT IS HEREBY ORDERED** that Plaintiff's Motion for an Evidentiary Hearing (Dkt. #4) is **DENIED.**

### RECOMMENDATION

The Court recommends that to the extent that Plaintiff's Motion for an Evidentiary Hearing (Dkt. #4) and Letter to the Court (Dkt. #5) were intended to serve as a Complaint, Plaintiff's Complaint should be dismissed with prejudice. This recommendation is primarily based on Plaintiff's failure to state a claim upon which relief may be granted. In addition, Plaintiff's factual claims are so fanciful, fantastic and delusional that combined with the inarguable legal conclusion, the claims should be deemed frivolous. *See Denton v. Hernandez*, 504 U.S. 25, 33 (1992); *Neitzke v. Williams*, 490 U.S. 319, 325 (1989) (stating a complaint may be considered frivolous based on an "inarguable legal conclusion" combined with a "fanciful factual allegation"); *Lopez v. Dep't of Health Servs.*, 939 F.2d 881, 882 (9th Cir. 1991)(*per curiam*). Accordingly,

**IT IS HEREBY RECOMMENDED** that to the extent that Plaintiff's Motion for an Evidentiary Hearing (Dkt. #4) and Letter to the Court (Dkt. #5) were intended to serve as a Complaint, Plaintiff's Complaint should be **DISMISSED with prejudice**.

### NOTICE

Pursuant to Local Rule IB 3-2, any objection to this Finding and Recommendation must be in writing and filed with the Clerk of the Court within ten (10) days. The Supreme Court has held that the courts of appeal may determine that an appeal has been waived due to the failure to file objections within the specified time. *Thomas v. Arn*, 474 U.S. 140, 142 (1985). This circuit has also held that (1) failure to file objections within the specified time and (2) failure to properly address and brief the objectionable issues waives the right to appeal the District Court's order and/or appeal factual issues from the order of the District Court. *Martinez v. Ylst,* 951 F.2d 1153, 1157 (9th Cir. 1991); *Britt v. Simi Valley United Sch. Dist.*, 708 F.2d 452, 454 (9th Cir. 1983).

DATED this 9th day of April, 2009.

_____
**GEORGE FOLEY, JR.**
**UNITED STATES MAGISTRATE JUDGE**